1  McGREGOR W. SCOTT
   United States Attorney
2  ELLEN V. ENDRIZZI
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2716

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:07-MC-00044-LKK-EFB |
|---|---|
| Plaintiff, | **STIPULATION AND ORDER EXTENDING THE UNITED STATES' TIME TO FILE A COMPLAINT FOR FORFEITURE AND/OR TO OBTAIN AN INDICTMENT ALLEGING FORFEITURE** |
| v. | |
| 50,000 SHARES OF BROOKSTONE CAPITAL, INC. COMMON STOCK HELD IN THE NAME OF JUSTIN WILEY, | |
| Defendant. | |

It is hereby stipulated by and between the United States of America and Claimant Justin Wiley ("Claimant"), by and through their respective attorneys, as follows:

1. On or about March 5, 2007, Claimant filed a claim, in the administrative forfeiture proceeding, with the Internal Revenue Service ("IRS") regarding the 50,000 shares of Brookstone Capital, Inc. common stock, held in the name of Justin Wiley (the "Shares"), which were seized on or about January 4, 2007.

2. The IRS has sent written notice of intent to forfeit, as required by 18 U.S.C. § 983(a)(1)(A), to all known interested parties. The time has expired for any person to file a claim to the Shares under 18 U.S.C. § 983(a)(2)(A)-(E), and no person other

1 than the Claimant has filed a claim to the Shares, as required by
2 law in the administrative forfeiture proceeding.

3     3.  Under 18 U.S.C. § 983(a)(3)(A), the United States is
4 required to file a complaint for forfeiture against the Shares
5 and/or to obtain an indictment alleging that the Shares are subject
6 to forfeiture within 90 days after a claim has been filed in the
7 administrative forfeiture proceeding, unless the Court extends the
8 deadline for good cause shown or by agreement of the parties.

9     4.  By Stipulation and Order filed May 29, 2007, the parties
10 stipulated to extend to August 30, 2007, the time in which the
11 United States is required to file a civil complaint for forfeiture
12 against the Shares and/or to obtain an indictment alleging that the
13 Shares are subject to forfeiture.

14     5.  By Stipulation and Order filed August 21, 2007, the
15 parties stipulated to extend to November 28, 2007, the time in
16 which the United States is required to file a civil complaint for
17 forfeiture against the Shares and/or to obtain an indictment
18 alleging that the Shares are subject to forfeiture.

19     6.  As provided in 18 U.S.C. § 983(a)(3)(A), the parties
20 stipulate and agree to further extend to February 26, 2008, the
21 time in which the United States is required to file a civil
22 complaint for forfeiture against the Shares and/or to obtain an
23 indictment alleging that the Shares are subject to forfeiture.

24     7.  Accordingly, the parties agree that the deadline by which
25 the United States shall be required to file a complaint for
26 forfeiture against the Shares and/or to obtain an indictment
27 ///
28

2

alleging that the Shares are subject to forfeiture shall be extended to February 26, 2008.

DATED: 11/20/07                     Respectfully submitted,

                                    McGREGOR W. SCOTT
                                    United States Attorney

                              By:   /s/ Ellen V. Endrizzi
                                    ELLEN V. ENDRIZZI
                                    Assistant U.S. Attorney


DATED: 11/20/07                     /s/ Clyde M. Blackmon
                                    CLYDE M. BLACKMON
                                    Attorney for Claimant Justin Wiley

                                    (Original signature retained by
                                    attorney)

**O R D E R**

The time in which the United States is required to file a civil complaint for forfeiture against 50,000 shares of Brookstone Capital, Inc. common stock, held in the name of Justin Wiley (the "Shares") and/or to obtain an indictment alleging that the Shares are subject to forfeiture, is extended to February 26, 2008, as agreed to by the parties, pursuant to 18 U.S.C. § 983(a)(3)(A).

IT IS SO ORDERED.

DATE: November 26, 2007

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3