1  LAWRENCE G. BROWN
   United States Attorney
2  ELLEN V. ENDRIZZI
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2700

5

6

7

8                IN THE UNITED STATES DISTRICT COURT FOR THE

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          2:07-MC-00044-LKK-EFB

12            Plaintiff,               **STIPULATION AND ORDER
                                       EXTENDING THE UNITED STATES'
13        v.                           TIME TO FILE A COMPLAINT FOR
                                       FORFEITURE AND/OR TO OBTAIN AN
14  50,000 SHARES OF BROOKSTONE        INDICTMENT ALLEGING FORFEITURE**
    CAPITAL, INC. COMMON STOCK HELD
15  IN THE NAME OF JUSTIN WILEY,

16            Defendant.

17       It is hereby stipulated by and between the United States of

18  America and Claimant Justin Wiley ("Claimant"), by and through

19  their respective attorneys, as follows:

20       1.  On or about March 5, 2007, Claimant filed a claim, in the

21  administrative forfeiture proceeding, with the Internal Revenue

22  Service ("IRS") regarding the 50,000 shares of Brookstone Capital,

23  Inc. common stock, held in the name of Justin Wiley (the "Shares"),

24  which were seized on or about January 4, 2007.

25       2.  The IRS has sent written notice of intent to forfeit, as

26  required by 18 U.S.C. § 983(a)(1)(A), to all known interested

27  parties.  The time has expired for any person to file a claim to

28  the Shares under 18 U.S.C. § 983(a)(2)(A)-(E), and no person other

than the Claimant has filed a claim to the Shares, as required by law in the administrative forfeiture proceeding.

3.   Under 18 U.S.C. § 983(a)(3)(A), the United States is required to file a complaint for forfeiture against the Shares and/or to obtain an indictment alleging that the Shares are subject to forfeiture within 90 days after a claim has been filed in the administrative forfeiture proceeding, unless the Court extends the deadline for good cause shown or by agreement of the parties.

4.   By Stipulation and Order filed May 29, 2007, the parties stipulated to extend to August 30, 2007, the time in which the United States is required to file a civil complaint for forfeiture against the Shares and/or to obtain an indictment alleging that the Shares are subject to forfeiture.

5.   By Stipulation and Order filed August 21, 2007, the parties stipulated to extend to November 28, 2007, the time in which the United States is required to file a civil complaint for forfeiture against the Shares and/or to obtain an indictment alleging that the Shares are subject to forfeiture.

6.   By Stipulation and Order filed November 27, 2007, the parties stipulated to extend to February 26, 2008, the time in which the United States is required to file a civil complaint for forfeiture against the Shares and/or to obtain an indictment alleging that the Shares are subject to forfeiture.

7.   By Stipulation and Order filed February 15, 2008, the parties stipulated to extend to May 26, 2008, the time in which the United States is required to file a civil complaint for forfeiture against the Shares and/or to obtain an indictment alleging that the Shares are subject to forfeiture.

8.  By Stipulation and Order filed May 15, 2008, the parties stipulated to extend to August 25, 2008, the time in which the United States is required to file a civil complaint for forfeiture against the Shares and/or to obtain an indictment alleging that the Shares are subject to forfeiture.

9.  By Stipulation and Order filed August 14, 2008, the parties stipulated to extend to November 24, 2008, the time in which the United States is required to file a civil complaint for forfeiture against the Shares and/or to obtain an indictment alleging that the Shares are subject to forfeiture.

10.  By Stipulation and Order filed November 18, 2008, the parties stipulated to extend to February 16, 2009, the time in which the United States is required to file a civil complaint for forfeiture against the Shares and/or to obtain an indictment alleging that the Shares are subject to forfeiture.

11.  By Stipulation and Order filed February 19, 2009, the parties stipulated to extend to May 18, 2009, the time in which the United States is required to file a civil complaint for forfeiture against the Shares and/or to obtain an indictment alleging that the Shares are subject to forfeiture.

12.  By Stipulation and Order filed May 7, 2009, the parties stipulated to extend to August 17, 2009, the time in which the United States is required to file a civil complaint for forfeiture against the Shares and/or to obtain an indictment alleging that the Shares are subject to forfeiture.

13.  As provided in 18 U.S.C. § 983(a)(3)(A), the parties stipulate and agree to further extend to November 16, 2009, the time in which the United States is required to file a civil

1   complaint for forfeiture against the Shares and/or to obtain an

2   indictment alleging that the Shares are subject to forfeiture.

3       14.  Accordingly, the parties agree that the deadline by which

4   the United States shall be required to file a complaint for

5   forfeiture against the Shares and/or to obtain an indictment

6   alleging that the Shares are subject to forfeiture shall be

7   extended to November 16, 2009.

8   DATED: 8/13/09 _____        Respectfully submitted,

9                                 LAWRENCE G. BROWN
                                  United States Attorney
10

11                          By:  /s/ Ellen V. Endrizzi
                                 ELLEN V. ENDRIZZI
12                               Assistant U.S. Attorney

13

14  DATED: 8/13/09 _____  /s/ Clyde M. Blackmon
    _____ CLYDE M. BLACKMON
15  _____ Attorney for Claimant Justin Wiley

16                                (Original signature retained by
                                  attorney)
17

18  _____   **O R D E R**

19      The time in which the United States is required to file a

20  civil complaint for forfeiture against 50,000 shares of Brookstone

21  Capital, Inc. common stock, held in the name of Justin Wiley (the

22  "Shares") and/or to obtain an indictment alleging that the Shares

23  are subject to forfeiture, is extended to November 16, 2009, as

24  agreed to by the parties, pursuant to 18 U.S.C. § 983(a)(3)(A).

25      IT IS SO ORDERED.

26  DATE: August 14, 2009

27                          _____
                            LAWRENCE K. KARLTON
28                          SENIOR JUDGE
                            UNITED STATES DISTRICT COURT